*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RONALD LEVART HILL,

        Defendant-Appellee.

UNPUBLISHED
August 10, 2026
10:51 AM

No. 378936
Oakland Circuit Court
LC No. 2023-286435-FH

Before: LETICA, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecutor appeals by leave granted[1] the trial court's order adopting modified jury instructions for defendant's charge of ethnic intimidation under former MCL 750.147b, as enacted by 1988 PA 371.[2] We reverse the trial court's order to the extent that it is inconsistent with this opinion and remand for further proceedings.

## I. BACKGROUND

This case stems from an alleged altercation between defendant and the complainant, a rideshare driver, who claimed that, while she was driving defendant to his destination, he threatened to harm her as a result of her race or ethnicity. Defendant's threats and actions prompted the complainant to drive into a gas station and hide in the bathroom until law enforcement arrived. An officer eventually arrived and arrested defendant. Defendant was later charged with ethnic intimidation in violation of MCL 750.147b.[3]

---

[1] *People v Hill*, ___ Mich ___ (2026) (Docket No. 169860).

[2] MCL 750.147b was substantially rewritten in 2024, effective April 2, 2025. See 2024 PA 259. Any reference to MCL 750.147b in this opinion is to the former version of the statute.

[3] Defendant was also charged with assaulting or resisting a police officer in violation of MCL 750.81d and refusing to provide a DNA sample in violation of MCL 28.173a.

As trial approached, the parties and the trial court all acknowledged that the model jury instruction for the ethnic-intimidation charge did not accurately state the law, so a modified instruction was necessary. The prosecutor proposed that the court change the ethnic-intimidation instruction to read:

> (1) First, that the defendant threatened, by what he said or did, to cause physical contact with [the complainant] and that there was reasonable cause to believe that such an act would occur;
>
> (2) Second, that the defendant did this without just cause or excuse;
>
> (3) Third, that the defendant did so, maliciously and with the specific intent to intimidate or harass [the complainant], because of the race and/ or color of [the complainant].

Defendant proposed his own alternative instruction. The trial court rejected both parties' proposals and adopted an instruction that largely mirrored the prosecution's but added language to the first paragraph. The trial court's instruction would read:

> (1) First, that the defendant recklessly threatened, by what he said or did, to cause physical contact with [the complainant] and that there was reasonable cause to believe that such an act would occur. By recklessly, I mean that the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening violence.
>
> (2) Second, that the defendant did this without just cause or excuse;
>
> (3) Third, that the defendant did so, maliciously and with the specific intent to intimidate or harass [the complainant], because of the race and/or color of [the complainant].

After the court announced its intention to read this instruction, defendant raised an issue with the language in the first paragraph "that there was reasonable cause to believe that such an act would occur." This, to defendant's mind, was improper because it required the jury to assess the threat from the perspective "of the listener, not the speaker."

The trial court did not immediately rule on defendant's objection, so defendant re-raised his objection at a hearing the following day. Defendant contended that the "reasonable cause to believe" language had to be stricken from the court's instruction because "[n]one of the speaker's words are judged, evaluated, or contemplated when assessing whether it's threat speech. The focus is entirely on the speaker." The court noted that striking the "reasonable cause" language would "lessen[] what the prosecution has to prove," but the court said that it would still strike the language if the parties agreed to it. The prosecutor refused to agree to strike the language, but the court decided to do so anyway, clarifying that it was doing so at defendant's request and over the prosecution's objection. The court also stated that, in the third paragraph of its instruction, it was changing "maliciously" to "recklessly" to make the third paragraph consistent with the first

paragraph. The prosecution objected to this as well, and the court overruled the objection. With these changes, the court's final instruction would read:

> (1) First, that the defendant recklessly threatened, by what he said or did, to cause physical contact with [the complainant]. By recklessly, I mean that the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening violence.

> (2) Second, that the defendant did this without just cause or excuse;

> (3) Third, that the defendant did so, recklessly and with the specific intent to intimidate or harass [the complainant], because of the race and/or color of [the complainant].

The prosecution requested a stay so that it could pursue an appeal of the court's rulings as to the ethnic-intimidation instruction, and the court granted the prosecution's request. The case is now before this Court for review.

## II. STANDARDS OF REVIEW

Claims of instructional error are reviewed de novo. *People v Spaulding*, 332 Mich App 638, 652; 957 NW2d 843 (2020). Questions of statutory interpretation are likewise reviewed de novo. *People v Czuprynski*, 325 Mich App 449, 455; 926 NW2d 282 (2018).

## III. ANALYSIS

Under the version of the statute in effect at the time of defendant's alleged crime, MCL 750.147b stated in relevant part:

> (1) A person is guilty of ethnic intimidation if that person maliciously, and with specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin, does any of the following:

> (a) Causes physical contact with another person.

> (b) Damages, destroys, or defaces any real or personal property of another person.

> (c) Threatens, by word or act, to do an act described in subdivision (a) or (b), if there is reasonable cause to believe that an act described in subdivision (a) or (b) will occur.

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). Jury instructions must include all elements of the charged offense. *Id*. Model jury instructions are to be given if "they are applicable," accurately state the law, and "are requested by a party." MCR 2.512(D)(2). The parties and the trial court agreed that the model jury instructions for defendant's

-3-

charge of ethnic intimidation did not accurately state the law and failed to include all elements of the offense.[4]  Thus, a modified instruction was necessary, and the trial court adopted one.

Defendant was being charged under MCL 750.147b(1)(c), meaning that he was being charged for threatening the complainant.  A recent decision from the United States Supreme Court clarified the circumstances in which an individual can be criminally liable for making a "true threat"—a specific type of speech not protected by the First Amendment.  That decision animated much of the confusion as to how the ethnic-intimidation instruction should be modified in this case, so it is necessary to explain what that case decided.

In *Counterman v Colorado*, 600 US 66; 143 S Ct 2106; 216 L Ed 2d 775 (2023), the Supreme Court addressed "(1) whether the First Amendment requires proof of a defendant's subjective mindset in true-threats cases, and (2) if so, what *mens rea* standard is sufficient." *Id*. at 72.  In answer to the first query, the Court held that to impose criminal liability for a true threat, the government must prove "a subjective element." *Counterman*, 600 US at 75-78.  As for "the type of subjective standard" required to hold a defendant criminally liable for true threats (i.e., the second question before the Court), the Court landed on the "recklessness" standard. *Id*. at 78-79.[5]

---

[4] The model jury instructions for ethnic intimidation state:

(1) The defendant is charged with the crime of ethnic intimidation.  To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant

[*Choose one or more of the following as the evidence warrants*:]

(a) caused physical contact with [*name complainant*]; [or]

(b) threatened, by what [he / she] said or did, to cause physical contact with [*name complainant*] and that there was reasonable cause to believe that such an act would occur; [or]

(c) damaged, destroyed, or defaced property of [*name complainant*]; [or]

(d) threatened, by what [he / she] said or did, to damage, destroy, or deface property of [*name complainant*] and that there was reasonable cause to believe that such an act would occur.

(3) Second that the defendant did this without just cause or excuse.

(4) Third, that the defendant did so because of the [race / color / religion / gender / national origin] of [*name complainant*].  [M Crim JI 17.34.]

These instructions are insufficient because, at a minimum, they do not include an intent identified in the statute—that the criminal conduct be done "maliciously."  MCL 750.147b(1).

[5] The Court chose the recklessness standard because, in the Court's opinion, it struck the right balance between protecting an individual's First Amendment right and preserving the government's ability to "protect[] against the profound harms, to both individuals and society, that

-4-

"A person acts recklessly," the Court explained, "when he consciously disregards a substantial and unjustifiable risk that the conduct will cause harm to another." *Id*. at 79 (quotation marks, citation, and alterations omitted).

With *Counterman* in mind, we return to the instant dispute. The prosecution's argument on appeal is that the trial court improperly lessened the prosecutor's burden of proof in two ways. First, the prosecution contends that MCL 750.147b(1)(c) requires the prosecution to prove that a defendant acted with the *mens rea* of malice—that he or she "maliciously" made a threat—and that the trial court's instruction only requires that the prosecution prove that the defendant made a threat with the lesser *mens rea* of recklessness.[6] The prosecution is correct.

The relevant version of MCL 750.147b(1)(c) plainly states, in relevant part, "A person is guilty of ethnic intimidation if that person maliciously . . . [t]hreatens, by word or act, to do an act described in subdivision (a) or (b)[.]" Thus, to convict a defendant of ethnic intimidation under the version of MCL 750.147b(1) that was in effect at the relevant time, the prosecution was required to prove that the defendant acted—that is, threatened the complainant through his words or actions—"maliciously," not recklessly.[7] *Counterman* does not require a different result because it merely set a floor for true-threat cases; the government may still be required to prove a more demanding *mens rea* like malice. Accord *United States v Curtin*, 78 F4th 1299, 1306 n 3 (CA 11, 2023) (explaining that *Counterman* was "irrelevant" to the case before the court because "the record evidence sufficiently demonstrates that [the defendant] acted with a *mens rea* of at least knowledge, which surpasses recklessness").[8]

Defendant retorts that regardless of whether this Court orders the trial court to change "recklessly" in the third paragraph of the instruction, it would be improper for the trial court to remove "recklessly" from the first paragraph of the court's instruction. Reading defendant's brief,

---

attend true threats of violence." *Id*. at 79-80. See also *id*. at 82 ("[Recklessness] offers enough breathing space for protected speech, without sacrificing too many of the benefits of enforcing laws against true threats.") (quotation marks and citation omitted).

[6] The parties agree that "malice" is a more demanding *mens rea* than recklessness. The trial court similarly stated that it believed that malice "is a higher mens rea than reckless [sic]." We therefore accept that premise as true for purposes of this opinion.

[7] This Court has explained that "malice" as used in MCL 750.147b(1) means "the intent, without justification or excuse, to commit a wrongful act" or "a reckless disregard of the law or of a person's legal rights." *People v Rogers*, 338 Mich App 312, 331; 979 NW2d 747 (2021) (quotation marks and citation omitted).

[8] This Court's recent opinion in *People v Kvasnicka*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 371542), is also not instructive in the instant case. The statute at-issue in *Kvasnicka* had "no scienter requirement expressly stated in the plain language" of the statute. *Id*. at ___; slip op at 6. This Court therefore employed the constitutional-doubt canon to read a scienter requirement into the statute and fashioned a jury instruction on the basis of this reading. See *id*. at ___; slip op at 6-10. As explained above the line, MCL 750.147b(1)(c) expressly states a scienter requirement—malice—so we need not decide whether to read such a requirement into the statute.

-5-

he appears primarily concerned with ensuring that the first paragraph of the ethnic-intimidation instruction specifies the pertinent *mens rea*. As explained, the relevant *mens rea* is malice, so it would be improper for the first paragraph of the trial court's instruction to tell jurors that the applicable *mens rea* was recklessness. That said, the first paragraph could say, "First, that the defendant maliciously threatened, by what he said or did, to cause physical contact with [the complainant]." We leave it to the trial court's discretion whether this is appropriate and note only that it would be inconsistent with the language of the statute to identify the applicable *mens rea* as recklessness. See MCL 750.147b(1)(c) ("A person is guilty of ethnic intimidation if that person maliciously . . . [t]hreatens, by word or act, to do an act described in subdivision (a) or (b)[.]").

The prosecution's second argument on appeal is that the trial court improperly lessened the prosecution's burden of proof by removing the "reasonable cause" language from the first paragraph of its instruction. The prosecution contends that, to convict defendant of ethnic intimidation under MCL 750.147b(1)(c)'s plain language, the prosecution must prove that "there is reasonable cause to believe that" the defendant will do the threatened action. The prosecution is again correct.

MCL 750.147b(1)(c) states in relevant part, "A person is guilty of ethnic intimidation if that person . . . [t]hreatens, by word or act, to do an act described in subdivision (a) or (b), *if there is reasonable cause to believe that an act described in subdivision (a) or (b) will occur*." (Emphasis added.) Removing the "reasonable cause" language from the jury instruction removes an element of the offense that the prosecution is required to prove, thus impermissibly lowering the prosecution's burden. The trial court accordingly erred by removing the "reasonable cause" language from its ethnic-intimidation instruction.

Defendant contends that retaining the "reasonable cause" language renders the jury instruction improper because *Counterman* prohibited any objective standard from being used to impose criminal liability for an individual's speech. This argument misreads *Counterman*. The *Counterman* Court explained that determining whether speech constitutes a "true threat"—and thus falls outside the protections of the First Amendment—is "based solely on [the speech's] objective content." *Counterman*, 600 US at 72. "Whether the speaker is aware of, and intends to convey, the threatening aspect of the message is not part of what makes a statement a threat," the Court explained. *Id*. at 74. Instead, "[t]he existence of a threat depends not on 'the mental state of the author,' but on 'what the statement conveys' to the person on the other end." *Id*. at 74, quoting *Elonis v United States*, 575 US 723, 733; 135 S Ct 2001; 192 L Ed 2d 1 (2015). It follows that, contrary to defendant's argument, the "reasonable cause" language in MCL 750.147b(1)(c) is wholly consistent with *Counterman* and actually serves a vital role: it ensures that *only* "true threats"—that is, constitutionally unprotected speech—are criminalized.

With all of this in mind, we suggest (but do not require) an ethnic-intimidation instruction that reads as follows:

> (1) First, that the defendant maliciously threatened, by what he said or did, to cause physical contact with [the complainant] and that there was reasonable cause to believe that such an act would occur. By maliciously, I mean that the defendant intended for what he said or did to be perceived as a threat, or acted with

a substantial disregard of whether his communication would be viewed as threatening violence.[9]

        (2) Second, that the defendant did so without just cause or excuse;

        (3) Third, that the defendant did so with the specific intent to intimidate or harass [the complainant] because of the race and/or color of [the complainant].

We do not require this instruction because we intend to leave it to the trial court's discretion, aided by the parties' insights and arguments, as to the proper way to instruct the jury on the ethnic-intimidation charge. We hold, however, that any ethnic-intimidation instruction must (1) clarify that the defendant *maliciously* threatened the complainant because that is the *mens rea* required by the statute and (2) include some form of the "reasonable cause" language because that is an element of the offense, and that element is necessary to ensure that defendant's speech amounted to a "true threat" and was thus not constitutionally protected.

        We reverse the trial court's order at issue on appeal to the extent that it is inconsistent with this opinion, and we remand the case for further proceedings consistent with this opinion.

        Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

[9] See *Rogers*, 338 Mich App at 331.